**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **OBERER LAND DEVELOPERS, LTD.** | : | **CASE NO. 3:19-cv-82** |
| **2800 East River Road** | | |
| **Dayton, Ohio 45439** | : | **JUDGE** |
| | | |
| **and** | : | |
| | | |
| **PETER RAMMEL** | : | |
| **2745 Wilmington Road** | | |
| **Bellbrook, Ohio 45305** | : | |
| | | |
| **Plaintiffs,** | : | |
| | | |
| **v.** | : | |
| | | |
| **SUGARCREEK TOWNSHIP, OHIO** | : | |
| **2090 Ferry Road** | | |
| **Sugarcreek Township, Ohio** | : | |
| | | |
| **and** | : | |
| | | |
| **SUGARCREEK TOWNSHIP, OHIO** | : | |
| **BOARD OF TRUSTEES** | | |
| **2090 Ferry Road** | : | |
| **Sugarcreek Township, Ohio** | | |
| | : | |
| **Defendants.** | | |

## COMPLAINT WITH JURY DEMAND

Now come Plaintiffs Oberer Land Developers, Ltd. ("Oberer") and Peter Rammel ("Rammel") (collectively "Plaintiffs"), by and through counsel, and for their Complaint against Defendants Sugarcreek Township, Ohio and the Sugarcreek Township, Ohio Board of Trustees (collectively "Sugarcreek Township" or "Township"), do hereby state as follows:

1.      Oberer is an Ohio limited liability company specializing in residential development of real property that has its principal place of business located in Dayton, Ohio.

2.   Rammel is an individual resident of the state of Ohio.

3.   Defendant Sugarcreek Township, Ohio is an Ohio political subdivision under Title V of the Ohio Revised Code, located in Greene County, Ohio. Sugarcreek Township has not adopted a limited home rule form of government under Chapter 504 of the Ohio Revised Code.

4.   Defendant Sugarcreek Township, Ohio Board of Trustees is the duly elected legislative body for Sugarcreek Township, Ohio.

5.   Rammel is the owner of certain real property located in Sugarcreek Township, Ohio having parcel numbers L32000100050014200, L32000100050002800, and L32000100050002700, which contain a total of approximately 107.383 acres of property ("Property"). Attached hereto as Exhibit A is a depiction of the Property.

6.   The Property is currently zoned E-Rural Estate Residential District under the Sugarcreek Township Zoning Resolution ("Zoning Resolution").

7.   As shown in the attached Exhibit A, the Property is bordered on the north by public lands, including the Bill Yeck Park and the Sugarcreek Reserve Metropark.

8.   The Bill Yeck Park is bordered on its west by the City of Centerville, Ohio. As a result, the Property is subject to annexation into the City of Centerville as property that is adjacent to public land that is adjacent to an incorporated area.

9.   In or about 2013, Sugarcreek Township adopted the 2013 Long-Range Land Use Plan ("LRLUP"). The Property is located in an area designated as Planning Area 3 of the LRLUP. For Planning Area 3, the LRLUP provides:

> Portions of this planning area adjacent to an incorporated area or adjacent to public land adjacent to an incorporated area are priority areas for Planned Residential Development, with densities to be determined on a case by case basis by the Zoning Commission and Township Trustees.

This area is a priority area for conservation subdivisions characterized by the clustering of lots to preserve 50 percent or more of a site.

10. One of the goals of Sugarcreek Township's implementation of the LRLUP was to protect the geographical integrity of its borders and to prevent annexation into neighboring municipalities.

11. One mechanism implemented in the LRLUP to accomplish that goal was to create development flexibility for the planning areas that include properties that would be subject to annexation, thus preventing the need or desire of property owners to annex their property for development purposes.

12. On or about July 11, 2014, Rammel signed a document titled Non-Annexation Agreement Between Peter Rammel and the Sugarcreek Township Board of Trustees ("Non-Annexation Agreement"), which purported to be an agreement by Rammel "not to seek and to oppose any annexation of any portion of" the Property for a period of ten years. A true and accurate copy of the Non-Annexation Agreement is attached hereto as Exhibit B.

13. The Non-Annexation Agreement was not executed by the Sugarcreek Township Board of Trustees. Rather it was executed by Barry Tiffany in his capacity as Township Administrator. Additionally, the Non-Annexation was drafted by Barry Tiffany.

14. The Non-Annexation Agreement is unenforceable.

15. The Non-Annexation Agreement and the increased development flexibility under the LRLUP were in response to the annexation of the so-called Dille/Cornerstone property by the City of Centerville and the ensuing years-long litigation between the City of Centerville and Sugarcreek Township, and an effort to prevent a repeat of that scenario in the future. Oberer was the developer for that project.

16.     On or about August 24, 2017, Rammel and Oberer executed a Purchase Agreement whereby Oberer agreed to purchase a portion of the Property for the purpose of development, subject to necessary governmental approvals.

17.     On or about February 2018, Oberer submitted the proposed development plan for Elliot Woods to Greene County Regional Planning for review and recommendation to Sugarcreek Township. The submittal requested 113 lots and proposed a traffic signal for traffic control at the intersection of Conference Row Rd. and Wilmington Dayton Rd. (Intersection I, *supra*) Greene County Engineer Robert Geyer supported the traffic signal.

18.     During Greene County Regional Planning review meetings, Sugarcreek Township Trustee Michael Pittman rejected the traffic signal and required Oberer to construct a 35 mph curve to eliminate the ninety degree intersection at Conference Row Rd. and Wilmington Dayton Rd. (Intersection I). Furthermore, Trustee Pittman required that Oberer address the soft ninety degree curve at Wilmington Dayton and Conference Row Rd. (Intersection II) with a 35 mph curve as well. Furthermore, Trustee Pittman intimated that Oberer should provide the necessary right-of-way for remediating Intersections I and II at no cost to the Township,

19.     Finally, Trustee Pittman required that Oberer remediate traffic issues at the intersection of Dayton Wilmington and State Route 725 (Intersection III) which is over one mile away from the proposed development.

20.     Intersections I, II, and III all have a pre-existing Level of Service (LoS) grade of F, which the Township readily acknowledges.

21.     The remediation demanded by Trustee Pittman would eliminate approximately 3.30 acres of prime acreage from Elliot Woods.

22. At Regional Planning review meetings, Trustee Pittman was emphatic that the proposed development would remain a farm until all pre-existing thoroughfare issues described herein were addressed.

23. Under duress, Oberer revised the development plan consistent with the unlawful demands of the Township Trustees resulting in a loss of 15 units (113 to 98) and 3.30 acres of prime property. The Greene County Regional Planning and Coordinating Commission recommended approval of this Application.

24. On or about July 2018, Oberer submitted a revised application requesting that a portion of the Property consisting of approximately 83.226 acres be rezoned to R-PUCD (Residential Planned Unit Conservation Development District), and for the approval of a preliminary development plan, pursuant to Article 6 of the Zoning Resolution ("Application").

25. The R-PUCD zoning designation was created "to maintain and protect the rural, natural, and scenic qualities of Sugarcreek Township by providing for the ability to develop conservation subdivisions where at least 50% of a site is preserved as open space."

26. The Application requested approval for 98 building lots. The Application also included various mechanisms that would preserve open space, including: (i) 42.423 acres designated as permanent open space; (ii) 33.307 acres to be held as a conservation easement by the Washington Township Park District; and (iii) 10.353 acres of internal HOA open space.

27. The density for the development proposed in the Application would be 1.2 units per acre. That is less dense than multiple nearby communities, which range from 1.5 units per acre at the Woodland Ridge development to 2.95 units per acre at the Black family property development. The Black Farm development was approved by the Township Trustees November 2018.

28.     The development proposed by the Application would be able to be served by public sewer and water facilities.

29.     On or about December 4, 2018, the Application was considered by the Sugarcreek Township Board of Zoning Commission ("BZC"). Following Oberer's presentation, the BZC Chairperson referenced the prior Dille/Cornerstone annexation fight and Oberer's role in it. He then stated that as a result, Sugarcreek Township had attempted to identify parcels that were vulnerable to annexation to adjacent cities, and to prevent annexation through their revisions to the LRLUP. The Chairperson then went on to say: "there was an agreement that Mr. Rammel signed with the Trustees in 2014 that says that over a 10-year period of time there would be no annexation pursued by Mr. Rammel. I feel a little different about this development than some of the others that we have had to deal with that clearly did not have an agreement[.]"

30.     Put differently, the BZC Chairperson stated that he did not feel it necessary to provide Oberer with the benefit of the development flexibility provided by the Zoning Resolution for areas subject to annexation because the Non-Annexation Agreement would prevent annexation regardless.  The Township Trustees and Township Staff all echoed the sentiment of the BZC Chairman during the Township Trustees public hearings for Elliot Woods.

31.     The BZC and Sugarcreek Township have approved planned unit development applications for other properties that were subject to annexation and similarly situated to the Property, on the basis that no non-annexation agreement existed. Such properties include the Black family property.

32.     On December 4, 2018, the BZC recommended denial of the Application.

33.     Certain members of the Sugarcreek Township Board of Trustees have made multiple, public statements saying that their intent is to prevent development of the Property.

34.     On March 18, 2019, the Sugarcreek Township Board of Trustees denied the Application.

## FIRST CLAIM FOR RELIEF
### SUGARCREEK TOWNSHIP'S DENIAL OF THE APPLICATION IS AN *ULTRA VIRES*, ARBITRARY, UNREASONABLE, AND VOID EXERCISE OF THE TOWNSHIP'S ZONING POWERS

35.   Plaintiffs restate the foregoing allegations in this Complaint is if fully restated herein.

36.   Sugarcreek Township has no inherent police power.

37.   The Township's powers with respect to zoning issues are limited to that which is expressly delegated to it under Ohio Revised Code Section 519.02, *et seq.*

38.   The grounds asserted by the Township for denying the Application exceed its powers under Ohio Revised Code Section 519.02, *et seq.* and are therefore ultra vires, unlawful, and void.

39.   The Township's denial of the Application had no rational relationship to the public health and safety of the citizens of the Township.

40.   The Township's denial of the Application is not in accordance with the LRLUP and fails to advance the articulated and ratified goals of the LRLUP.

41.   The Township's denial of the Application is arbitrary, capricious, discriminatory, unreasonable, and exceeds the Township's delegated powers under Ohio Revised Code Section 519.02, *et seq.*

## SECOND CLAIM FOR RELIEF
### SUGARCREEK TOWNSHIP'S DENIAL OF THE APPLICATION VIOLATES THE PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS

42.   Plaintiffs restate the foregoing allegations of this Complaint as if fully restated herein.

43.   The Plaintiffs have due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C Section 1983, *et seq.*, and have a cognizable property or liberty interest in the Property secured by the preceding constitutions and statutes.

7

44.    The Township was required to follow appropriate guidelines and criteria in determining whether to approve the Application.

45.    The Township failed to follow the appropriate guidelines and criteria exclusively set forth in Ohio Revised Code Section 519.02, *et seq.* in determining whether to approve the Application. In addition, the Township failed to follow the guidelines and criteria established in their own Zoning Resolution and in the LRLUP in determining whether to approve the Application.

46.    Although the Plaintiffs established that they could meet or exceed all applicable conditions and requirements for approval of the Application, the Township ignored the applicable conditions and criteria and wrongfully denied the Application without appropriate justification under any objectively ascertainable standard.

47.    The proceedings before the Township involving the Application were also deficient from a due process standpoint due to the participation of a clearly biased decision maker on the BZC.

48.    Neutrality and impartiality of members of a zoning proceeding are essential to the fair and proper operation of a zoning body.

49.    The Plaintiffs' forced submission to the Township's biased decision making process is in itself a constitutional injury warranting injunctive and other appropriate relief.

50.    The Township's conduct is unconstitutional as applied to the Plaintiffs and the Property in that it violates their rights under the United States Constitution and the Ohio Constitution, and further violates 42 U.S.C. Section 1983, *et seq.*

51.    Unless restrained and enjoined, the Township will deprive the Plaintiffs and similarly situated owners and developers of the lawful use of their property, and will impose arbitrary, discriminatory, invalid, capricious, and unreasonable restrictions on the development of the Property, thereby causing irreparable harm.

**THIRD CLAIM FOR RELIEF**
**SUGARCREEK TOWNSHIP'S DENIAL OF THE APPLICATION VIOLATES THE PLAINTIFFS' EQUAL PROTECTION RIGHTS**

52.    Plaintiffs restate the foregoing allegations of this Complaint as if fully restated herein.

53.    In denying the Application, the Township has selected a discrete group of individuals and entities, i.e. the owners and developers of the Property, to be excluded and will deny the Plaintiffs rights and privileges enjoyed by similarly situated property owners and developers in the Township as demonstrated by the high rate of growth and development experienced in the Township over the last decade.

54.    In fact the Township has overtly stated that they are treating property owners who have signed non-annexation agreements differently from property owners who have not in their decisions to grant the full benefits and flexibility of the Sugarcreek Township Zoning Resolution.

55.    The Township has in fact treated such property owners differently. One example of such disparate treatment of similarly situated property owners is the Township's approval of the Black family development while denying the Application.

56.    The Plaintiffs have equal protection rights secured by the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C. Sections 1983, *et seq.*, and have a cognizable property or liberty interest in the Property secured by the preceding constitutions and statutes.

57.    The Township's actions are not rationally related to a legitimate government purpose.

58.    The Township's actions violate the Plaintiffs' Equal Protection rights under the United States Constitution, the Ohio Constitution, and 42 U.S.C. Sections 1983, *et seq.*

59.    As a direct and proximate result of the Township's actions, Plaintiffs have suffered an economic injury in an amount to be determined by the Court or a jury. Plaintiffs also seek a

9

declaration that the Township violated the Plaintiffs' rights to equal protection secured by the United States and Ohio Constitutions.

**FOURTH CLAIM FOR RELIEF**
**SUGARCREEK TOWNSHIP'S IMPOSITION REQUIRING THE PLAINTIFFS TO REMEDIATE INTERSECTIONS I, II AND III VIOLATES THE PLAINTIFFS' SUBSTANTIVE AND PROCEDURAL DUE PROCESS RIGHTS**

60.     Plaintiffs restate the foregoing allegations of this Complaint as if fully restated herein.

61.     The Plaintiffs have due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C Section 1983, *et seq.*, and have a cognizable property or liberty interest in the Property secured by the preceding constitutions and statutes.

62.     The Township was required to follow appropriate guidelines and criteria in determining whether to approve the Application.

63.     The Township failed to follow the appropriate guidelines and criteria exclusively set forth in Ohio Revised Code Section 519.02, *et seq.* by requiring the Plaintiffs to remediate pre-existing thoroughfare deficiencies, namely Intersections I, II and III.

64.     The proceedings before the Township involving the Application were also deficient from a due process standpoint due to the participation of a clearly biased decision maker on the BZC.

65.     Neutrality and impartiality of members of a zoning proceeding are essential to the fair and proper operation of a zoning body.

66.     The Plaintiffs' forced submission to the Township's biased decision-making process is in itself a constitutional injury warranting injunctive and other appropriate relief.

67.     The Township's conduct is unconstitutional as applied to the Plaintiffs and the Property in that it violates their rights under the United States Constitution and the Ohio Constitution, and further violates 42 U.S.C. Section 1983, *et seq.*

68.    Unless restrained and enjoined, the Township will deprive the Plaintiffs and similarly situated owners and developers of the lawful use of their property, and will impose arbitrary, discriminatory, invalid, capricious, and unreasonable restrictions on the development of the Property, thereby causing irreparable harm.

**FIFTH CLAIM FOR RELIEF**
**JUST COMPENSATION UNDER THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION FOR THE PRIVATE PROPERTY FOR PUBLIC USE**

69.    Plaintiffs restate the foregoing allegations of this Complaint as if fully restated herein.

70.    The Fifth Amendment provides that no person shall "be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

71.    The Township's denial of the Application and the Township requiring that Plaintiffs remediate pre-existing thoroughfare deficiencies, namely, Intersections I, II, and III, constitute an appropriation of Plaintiffs' property for its own use, without paying just compensation.

72.    Plaintiffs are entitled to just compensation for Sugarcreek Township's taking of their property.

**SIXTH CLAIM FOR RELIEF**
**UNLAWFUL DEPRIVATION OF CONSTITUTIONAL RIGHTS**

73.    Plaintiffs restate the foregoing allegations of this Complaint as if restated herein.

74.    The Township's denial of the Application constitutes a deprivation of the Plaintiffs' rights under the Fifth and Fourteenth Amendments of the United States Constitution under color of state law in violation of 42 U.S.C. Sections 1983, *et seq.* No adequate remedy is available under Ohio law for such deprivation.

75.    The Plaintiffs are entitled to reimbursement of their attorneys' fees from the Township as a consequence of the Township's violation of 42 U.S.C. Sections 1983, *et seq.*, under 42 U.S.C. Section 1988.

**SEVENTH CLAIM FOR RELIEF**
**DECLARATORY JUDGMENT**

76.    Plaintiffs restate the foregoing allegations of this Complaint as if fully restated herein.

77.    Each of the Plaintiffs is defined as a "person" under Ohio Revised Code Section 2721.01.

78.    As described in this Complaint, pursuant to Chapter 2721 of the Ohio Revised Code, there exist real, justiciable controversies between and among the parties that this Court can finally adjudicate and resolve.

79.    Plaintiffs request a declaration that the Non-Annexation Agreement is void and unenforceable because, *inter alia*: (i) an Ohio township does not have authority to execute non-annexation agreements with private property owners; (ii) Barry Tiffany does not have authority as a township administrator to enter into non-annexation agreements on behalf of a board of township trustees; and (iii) no consideration existed for the agreement.

80.    Plaintiffs further request a declaration that the Township's actions in denying the Application are unlawful, unconstitutional, and void.

81.    Plaintiffs further request a declaration that the Township has violated the Plaintiffs' due process rights under the United States and Ohio Constitutions.

82.    Plaintiffs further request a declaration that the Township has violated their equal protection rights under the United States and Ohio Constitutions.

83.    Plaintiffs further request a declaration that the Township has taken their property for public use without just compensation in violation of the Fifth Amendment of the United States Constitution and the Ohio Constitution.

84.     Plaintiffs further request a declaration that the Plaintiffs are entitled to punitive damages and attorneys fees as a consequence of the Township's violation of 42 U.S.C. Sections 1983, *et seq.*, under 42 U.S.C. Section 1988.Plaintiffs further request a declaration that the Application should be granted and that Plaintiffs should be permitted to proceed with their proposed development of their respective properties.

**WHEREFORE**, Plaintiffs jointly and severally request judgment against the Township as follows:

I.      For compensatory damages in an amount no less than $1,000,000.00, the exact amount to be later determined by this Court or by a jury for the Township's violation of the Plaintiffs' rights under the United States Constitution, the Ohio Constitution, and 42 U.S.C. Section 1983, *et seq.*;

II.     For all costs of this action, plus punitive damages and reasonable attorneys' fees;

III.    For declaratory judgments as previously outlined in this Complaint;

IV.     For a mandatory injunction ordering the Township to grant the Application; and

V.      For such other relief as this Court or the jury deems appropriate and just.

Respectfully submitted,

Michael P. McNamee (0043861)
Gregory B. O'Connor (0077901)
**McNAMEE & McNAMEE, PLL**
2625 Commons Blvd.
Beavercreek, Ohio 45431
mmcnamee@mcnameelaw.com
goconnor@mcnameelaw.com
Tel: (937) 427-1367
Fax: (937) 427-1369

## JURY DEMAND

The Plaintiffs demand a trial by jury on all issues triable by a jury.

Respectfully submitted,

_____

Michael P. McNamee (0043861)